UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID HENRY YOUNG, | ) |
| Petitioner, | ) 2:11-cv-01532-KJD-PAL |
| vs. | ) |
| | ) ORDER |
| BRIAN WILLIAMS, et al., | ) |
| Respondents. | ) |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss (RCF No. 5), petitioner's response (ECF No. 9), the reply (ECF No. 10) and two follow-up, and unauthorized, briefs from petitioner (ECF Nos. 11 and 12).

I.  **Procedural Background**

In 1982 petitioner was found guilty of Burglary with Intent to Commit a Felony, Sexual Assault with the Use of a Deadly Weapon, Attempted Sexual Assault with a Deadly Weapon and First Degree Kidnaping with the Use of a Deadly Weapon. Petition, ECF No. 3, p. 2. Respondents represent that petitioner has discharged or been paroled from the sentences for those crimes.[1] Motion to Dismiss (ECF No. 5, p. 3). In a second case, a judgment of conviction was entered against petitioner on a conviction for Attempted Murder with the Use of a Deadly Weapon, incurring a sentence of 20 years consecutive to 20 years for the weapon enhancement. *Id.* Petitioner started serving that sentence in

---

[1] These assertions are without citation to any documentary support. However, the petitioner does not contest their validity and the facts seem to be supported in the record by the state post-conviction petition filed by petition in March of 2010. Motion to Dismiss, Exhibit A.

2005 and was paroled to the consecutive sentence in 2009, on his first opportunity for parole. *Id.* According to respondents, petitioner will be eligible for parole on his final sentence in 2013. *Id.*

On March 9, 2010, petitioner filed a state post-conviction petition contending his sentence was being improperly computed under an the holding of a Nevada Supreme Court decision in *Nevada Dept. of Prisons v. Bowen,* 103 Nev. 477, 745 P.2d 697 (1987) rather than the interpretation offered in an earlier case, *Director v. Biffath,* 97 Nev. 18, 621 P.2d 1113 (1981). Exhibit A.[2]

The petition was fully briefed and a hearing was conducted after which the court sought a review of petitioner's sentence from the Nevada Department of Corrections comparing the calculus in both cases as applied to petitioner's sentence. *See* exhibit "A" to Exhibit G. According to that report, petitioner's sentences, as they were being calculated under the *Biffath* decision, would attain parole eligibility eight years sooner than if he obtained the relief he requested in his petition, *i.e.,* calculation under *Bowen. Id.* As a result, the petition was denied by the state court. Exhibit H. On appeal, the Nevada Supreme Court affirmed the lower court's decision. Exhibit N.

The instant federal petition was received by the court on September 2, 2011, and filed on November 2, 2011. ECF Nos. 1 and 3. Respondents move to dismiss the petition claiming it is untimely filed and it fails to raise a cognizable federal question. ECF No. 5. Petitioner opposes dismissal. ECF Nos. 9, 11 and 12.

**II. Motion to Dismiss**

    **A. Timeliness and the AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions pursuant to section 2254. With respect to the statute of limitations, the habeas corpus statute provides:

---

[2] The alphabetically labeled exhibits referenced in this order were submitted by respondents in support of their Motion to Dismiss and are found in the court's docket at ECF No. 6.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right assert was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the federal predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d). For convictions that became final prior to the enactment of the AEDPA, a petitioner had until April 24, 1997 to file a federal habeas corpus petition. *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001).

**1. Application to the Instant Case**

In the present case, petitioner was convicted in 1982 and the conviction became final prior to the enactment of the AEDPA. Therefore, petitioner had until April 24, 1997, to file a federal habeas corpus petition, unless the limitations period was otherwise tolled. Petitioner's response to the motion to dismiss does not address in anyway the timeliness argument.

To qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the first state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th

Cir.2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000) ("A state-court petition [ ] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2001).

There is no indication that petitioner filed any post-conviction petitions or motions in the state courts that tolled the time for filing the federal petition before it expired. The state court petition raising the instant issue was not filed until 2010, which would not toll the limitations period. The federal habeas corpus petition was not filed until September 2, 2011, and thus was filed more than 12 years beyond the expiration of the one-year limitations period.

**2. Equitable Tolling**

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not advanced any argument relating to why his petition should not be dismissed as untimely filed. Equitable tolling of the statute of limitations is not warranted as petitioner has not demonstrated a diligent pursuit of his rights and extraordinary circumstances beyond his control. The court will dismiss the petition as untimely filed. If the petition were not untimely filed, the court would still be required to dismiss the petition, as ground one fails to state a federal claim.

### B. Federal Question

Respondents also argue that ground one fails to state a federal claim. In his only ground for relief petitioner alleges that his Fourteen Amendment right to due process was violated when his two sentences were treated as separate sentences for calculation of good time credits under *Nevada Dept. of Prisons v. Bowen*, 745 P.2d 697 (1987) instead of being treated as one continuance sentence under *Director v. Biffath*, 621 P.2d 1113 (1981).

Respondents' assertion that this claim is not subject to review by a federal court is correct. An inmate has no due process liberty interest in "good time credits" unless a state law creates such an interest. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 8-11 (1979); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094 (9th Cir. 1986). In Nevada, the statutes relating to good time credit create only a possibility of earning early release through the earning of good time credits, therefore no constitutionally protected liberty interest is created. *Cooper v. Sumner*, 672 F.Supp. 1361, 1367 (D. Nev. 1987); *Neal v. Hargrave*, 770 F.Supp. 553, 557-58 (D. Nev. 1991). Prisoners have a liberty interest in good time credits that are received under the Nevada Statutes, in that there cannot be an arbitrary revocation of good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Petitioner is not challenging an arbitrary revocation of his good time credits. Petitioner is instead challenging the application of those good time credits to his sentence, and thus his parole eligibility and expiration of his sentence.

In this case, the Nevada Supreme Court noted that petitioner had failed to object to the calculation in 1988 when he was given notice of the change, making his claim equitably barred. Exhibit N. The court further noted, however, that a change in the calculation would be detrimental to petitioner and denied relief on that basis. *Id.* When a state interprets its own laws or rules, no basis for federal habeas corpus relief is presented, as no federal constitutional question arises. *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *Oxborrow v. Eikenberry*, 877 F.2d 1395 (9th Cir. 1999) ("errors of state law do not concern us unless they rise to the

level of a constitutional violation"). Moreover, a state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Petitioner must demonstrate the existence of a federal or constitutional law which establishes the right in question. In this instance, petitioner has failed to make such a showing. The Court finds that the instant claim is not cognizable in this federal habeas action.

**III.     Certificate of Appealability**

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 5) is

1 **GRANTED.** The petition is **DISMISSED WITH PREJUDICE**.

2       **IT IS FURTHER ORDERED** that the Motion for Extension of Time (ECF No. 8) is
3 **DENIED AS MOOT.**

4       **IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue. The Clerk
5 shall enter judgment accordingly.

6       Dated this __29__ day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE